Patrick J. McDermott, Administrator, Plaintiff in Error, v. John Griffiths et al., trading as John Griffiths & Son, Defendants in Error.

Gen. No. 19,769.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded. Opinion filed December 21, 1914. Rehearing denied January 4, 1915.

## Statement of the Case.

Action by Patrick J. McDermott, administrator of the estate of Patrick Finnerty, deceased, against John Griffiths and George W. Griffiths, partners, trading as John Griffiths & Son, for wrongfully causing the death of Finnerty. From a judgment of *nil capiat* entered on a verdict of not guilty, plaintiff brought error.

B. J. WELLMAN and RICHARD J. FINN, for plaintiff in error.

WINSTON, PAYNE, STRAWN & SHAW, for defendants in error; JOHN BARTON PAYNE and JOHN D. BLACK, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 170*—*when master is bound by notice to agent.* Knowledge of a superintendent of the presence of gas in wells used for the construction of a building is knowledge of the master.

2. MASTER AND SERVANT, § 609a*—*what may be considered in determining master's negligence.* In an action for the death of an employee caused by the presence of gas in a well used in constructing a building, the jury might consider all the circumstances

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

attending the accident, and the acts and conduct of the defendants prior to such death, but the verdict could only properly turn on the question whether the defendants were guilty of negligence which caused or contributed to the death of the employee.

3. NEGLIGENCE, § 191*—*what are questions of fact.* What is reasonable care in a particular case depends on the circumstances of the case and is peculiarly a question of fact for the jury.

4. MASTER AND SERVANT, § 800*—*when instruction as to place of work is erroneous.* In an action for the death of an employee caused by the presence of gas in a well used in constructing a building, an instruction that the jury might find that the defendants were not guilty of negligence if they found that such defendants exercised reasonable care down to a reasonable time before the death of the employee, was erroneous.

5. MASTER AND SERVANT, § 800*—*when instruction as to duty owing to servant is erroneous.* In an action for the death of an employee caused by gas in a well used in constructing a building, an instruction that if the employee was ordered to work in another well, and was killed when he returned to the first well to obtain a tool that he had left therein, he was a mere volunteer or licensee, to whom defendants owed no duty except to restrain from wilfully or wantonly injuring him, was, in effect, an instruction to find the defendants not guilty, and was erroneous as deciding the issues of fact as to whether the deceased went into the well to obtain a tool, and whether such act was within his employment, as matters of law.

6. MASTER AND SERVANT, § 709*—*what are questions of fact.* Where an employee was killed by gas in a well when he returned to obtain a tool he had left therein, the questions whether he went down into the well to obtain such tool, and whether in so doing he was reasonably within the scope of his employment, should have been submitted to the jury.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.*